[Crim. No. 2262.   Second Appellate District, Division One.—January 13, 1933.]

THE PEOPLE, Respondent, v. RUTH HORNBECK et al., Defendants; FRANK FERRARI, Appellant.

Paonessa, Sayre & Oster for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant Ferrari, with two others, was tried upon an indictment charging them with the crime of grand theft.   At the trial the charge against Ruth Hornbeck was dismissed, and she became the state's principal witness.   The other two defendants were convicted and both appealed.   The appeal of defendant Gargano has been dismissed.   Ferrari prosecutes this appeal from the judgment and from an order denying his motion for a new trial.

The indictment charged that on the twenty-ninth day of March, 1932, the defendants committed the crime of grand larceny by wilfully, etc., taking the sum of $3,338.90, "then and there the personal property of the Million Dollar Theatre, owned and operated by the Circle Theatres, Ltd., a corporation".

■ The only evidence directly tending to establish the guilt of appellant Ferrari is found in the testimony of Ruth Hornbeck. Her testimony proves beyond doubt that she was an accomplice in the commission of the crime. It follows that in order to justify the conviction of appellant, the testimony of the witness Hornbeck must be corroborated "by such other evidence as shall tend to connect the defendant with the commission of the offense". (Pen. Code, sec. 1111.)

Appellant was not by any witness, other than Hornbeck, identified as one of the men present on the scene at the place where the money was taken, and at the time when it was taken. With much care we have examined the testimony of Hornbeck and of the witnesses other than Hornbeck, in order to determine whether in any manner or degree they tend to connect the defendant with the commission of the offense. We have reached the conclusion that so far as appellant is concerned the story told by said accomplice is without substantial corroboration. This might be amplified into a long account of the testimony of the various witnesses; all to no purpose, for the result would be the same.

The judgment is reversed. The order denying motion for a new trial is reversed.

Houser, J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1933.